**Henry E. LEE, Appellant,**

v.

**FORD MOTOR COMPANY et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 5, 1971.

Claude L. Nutt, Segal, Isenberg, Sales & Stewart, Louisville, for appellant.

James M. Graves, William P. Swain, Boehl, Stopher, Graves & Deindoerfer, Louisville, for appellees.

REED, Judge.

The Workmen's Compensation Board dismissed Henry E. Lee's claim for compensation benefits, which he had filed against his employer, Ford Motor Company. The board held that Lee's evidence failed to show that he had incurred either a personal injury by accident or a job-related disability. The circuit court upheld the board's decision. We affirm the circuit court.

Lee testified that his job at Ford Motor Company required him to stand on a defective platform that was not level, and that this caused him to place all of his body weight on his right leg and ankle for up to eight hours a day while working on Ford's assembly line. Lee was off from work between November 1968 and December 1968 and again between January 1969 and November 1969. He collected disability insurance benefits, and has returned to work.

The medical evidence consisted of the testimony of Dr. C. E. Allen, Jr., Ford's plant physician, and of Dr. R. L. Woodard, whom Lee consulted for diagnosis and treatment. Dr. Allen said, "At no time was I—in evaluations and on several examinations was I ever able to detect any specific problem. Certainly I was never able—certainly I was never in a position to examine him where there was any evidence that there had been—at least external evidence of injury."

Dr. Woodard, Lee's private physician, stated that he observed no abnormalities of any kind in his examination. He then resorted to exploratory surgery, but the operation failed to reveal any cause of Lee's symptoms. Dr. Woodard said, "It was my feeling that this *might* represent what is called osteochrondritis dissecans and that this reaction *might have* resulted from the trauma produced by his having to stand in an awkward position over long periods of time." (Emphasis added).

In this case the board, in effect, found that the claimant had failed to sustain his burden of proof. The claimant has the risk of not persuading the board in his favor. Although if the board had found in Lee's favor such result might have been sustainable on judicial review, we cannot say that the evidence in this case is either strong or persuasive that Lee sustained a work-connected disability. In any event, a court surely could not hold that this evidence was so strong and so persuasive that

it was clearly unreasonable for the board not to be convinced that Lee had suffered a compensable disability. Therefore, the circuit court correctly refused to disturb the board's decision.

The judgment is affirmed.

All concur.